**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH HO** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6990** |
| **COLONY INSURANCE COMPANY** | **SECTION:  I/4** |

## ORDER AND REASONS

Before the Court is a motion filed on behalf of plaintiff to remand this action pursuant to 28 U.S.C. § 1447(c) (2006) for lack of subject matter jurisdiction.[1]  For the following reasons, plaintiff's motion is **GRANTED** and his request for attorney's fees and costs is **DENIED**. Defendant's request that the Court certify the remand order for interlocutory appeal or, alternatively, to stay the effect of this remand order is **DENIED**.

## *BACKGROUND*

Plaintiff, Kenneth Ho, doing business as Michael's Food Store, owns property that was allegedly damaged by wind and rain when Hurricane Katrina made landfall in the New Orleans

---

[1] R. Doc. No. 5.

area on August 29, 2005.[2]  Plaintiff was insured by defendant, Colony Insurance Company,

pursuant to a commercial insurance policy that included $80,000 worth of coverage for the

building and $75,000 worth of coverage for the contents of the building.[3]  Plaintiff alleges that

defendant breached the insurance contract by failing to pay amounts due pursuant to the policy

and by failing to fairly adjust the physical damages to the building and contents.[4]  Plaintiff

further alleges that defendant, by failing to act on the claim submitted by plaintiff, breached

Louisiana Revised Statute § 22:658 and its duty of good faith in violation of Louisiana Revised

Statute § 22:1220.[5]  Plaintiff is seeking damages due pursuant to the insurance policy, penalties

under §§ 22:658 and 1220, attorney's fees, and interest.[6]

On October 17, 2007, defendant removed this lawsuit contending that this Court has

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and pursuant to the Multiparty, Multiforum

Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. § 1369(a), and its corresponding removal

provision, 1441(e).[7]  Defendant alleges that the Court has diversity jurisdiction because all

parties are diverse and the amount in controversy exceeds $75,000.[8]  Second, defendant argues

that jurisdiction pursuant to the MMTJA exists because Hurricane Katrina qualifies as an

accident for purposes of §§ 1369(a) and 1441(a)(1)(e), or, in the alternative, that it is a defendant

---

[2] R. Doc. No. 1-3, state ct. pet. ¶¶ 2, 7.

[3] *Id.* ¶¶ 5-6.

[4] *Id.* ¶ 17.

[5] *Id.* ¶ 19-20

[6] *Id.* ¶¶ 22-26.

[7] R. Doc. No. 1, notice of removal at 1.

[8] *Id.* at 1-2.

to a different action in this district that falls within the scope of § 1369(a) and this lawsuit arises

out of the same accident.[9]  Lastly, defendant contends that the Court has original federal question

jurisdiction because plaintiff's claims require interpretation of a federal statute, specifically the

National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4127 (2006), and the

interpretation of a Standard Flood Insurance Policy ("SFIP").[10]  Plaintiff filed this motion to

remand arguing that the amount in controversy does not exceed $75,000, that the MMTJA does

not cover Hurricane Katrina claims, and that there is no federal question alleged in his

pleadings.[11]

*LAW AND ANALYSIS*

**I.      Standard of Law:  Motion To Remand**

A district court must remand a case to state court if "at any time before final judgment it

appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *Preston v.*

*Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of

establishing that federal jurisdiction exists in a case "rests on the party seeking the federal

forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Sid Richardson Carbon*

*& Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking

the removal jurisdiction of the federal courts bears a heavy burden.").  The removal statute is to

be strictly construed.  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir.

---

[9] *Id.* at 4-6.

[10] *Id.* at 6-10.

[11] R. Doc. No. 5-2, mem. supp. mot. summ. j.

2007).  Any "doubts regarding whether removal jurisdiction is proper should be resolved against

federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  In order

to determine whether jurisdiction is present, a court must "consider the claims in the state court

petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*,

276 F.3d 720, 723 (5th Cir. 2002).

## II.      Discussion

### A.       *Diversity of Citizenship*

Federal courts have subject matter jurisdiction over cases where there is complete

diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000.[12]  28

U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

Defendant contends that the jurisdictional amount has been met in this case,[13] despite the

absence in plaintiff's petition of an allegation of the specific amount of total damages plaintiff is

seeking.  Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary

amount of damages in their state court petitions.  La. Code Civ. Proc. Ann. art. 893(A)(1)

(2005);[14] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1993).  Therefore, when a

---

[12] There is no dispute that complete diversity of citizenship exists in this case.  Pet. ¶¶ 2-3; notice of removal ¶ 1.  Plaintiff is a Louisiana citizen and defendant is a Virginia citizen.  Pet. ¶¶ 2-3; notice of removal ¶ 1.

[13] R. Doc. No. 6, mem. opp'n to remand at 2-8.

[14] Article 893 states, in pertinent part:

>        No  specific  monetary  amount  of  damages  shall  be  included  in  the
> allegations or prayer for relief of any original, amended, or incidental demand.  The
> prayer for relief shall be for such damages as are reasonable in the premises except
> that if a specific amount of damages is necessary to establish the jurisdiction of the
> court,  the  right  to  a  jury  trial,  the  lack  of  jurisdiction  of  federal  courts  due  to
> insufficiency of damages, or for other purposes, a general allegation that the claim
> exceeds or is less than the requisite amount is required.

case is removed from a Louisiana state court, the

> removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways:  (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (*quoting Luckett*, 171 F.3d at 298); *see Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Plaintiff asserted in his petition that he is owed $14,157.36 in order to repair the premises insured by defendant.[15]  Accordingly, this amount does not make it "facially apparent" that plaintiff's claims exceed $75,000.[16]

However, defendant alleges that because plaintiff's complaint additionally seeks penalties, attorney's fees, and costs pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220, the jurisdictional amount has been met.[17]  A court is to take the these penalties into account when

---

La. Civ. Code Proc. Ann. art. 893(A)(1).

[15] Pet. ¶¶ 10, 13.  This is the amount of the supplemental claim allegedly given to defendant by plaintiff less the amount plaintiff previously received from defendant.  In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy."  *Franklin v. State Farm Ins. Co.*, Civil Action No. 06-5858, 2006 WL 2925513, at *2 (E.D. La. Oct. 10, 2006) (Barbier, J.) (*citing Atkins v. Lexington Ins. Co.*, Civil Action No. 06-1254, 2006 WL 1968895, at *3 (E.D. La. July 12, 2006) (Vance, J.)).  Therefore, the Court will use the $14,175.36 amount, and not the policy limits, in determining whether the jurisdictional amount is present.

[16] Defendant argues that because plaintiff has not submitted an affidavit or stipulation that his damages do not exceed the jurisdictional amount, there should be a strong presumption that plaintiff's claims exceed $75,000.  R. Doc. No. 9, supp. mem. opp'n to remand.  However, the United States Court of Appeals for the Fifth Circuit has clearly stated several times that when the complaint is unclear as to the amount of damages sought, it is the removing defendant who bears the burden, by a preponderance, of proving that the amount in controversy has been met.  *See, e.g.*, *Luckett*, 171 F.3d at 298.  See also *In re N. Am. Philips Corp.*, Nos. 91-3104, 91-3106, 1991 WL 40259, at *2 (5th Cir. 1991), which states:

> It is well established that the party invoking the jurisdiction of the federal court has the burden of proving the exercise of such jurisdiction is proper.  In a removal case, the removing party bears the burden regardless of the status of discovery, the number of plaintiffs, or any problems created by a state procedural statute such as La. Civ. Code Proc. art. 893.

[17] Mem. opp'n at 2-8.

determining the amount in controversy; however, "[t]he preponderance burden forces the

defendant to do more than point to a state law that *might* allow the plaintiff to recover more than

what is pled."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("The defendant

must produce evidence that establishes that the actual amount in controversy exceeds [the

jurisdictional minimum]."); *Manguno*, 276 F.3d at 723.

Pursuant to § 22:658, a plaintiff may be awarded the greater of $1,000 or a fifty-percent

penalty on the amount found to be due from an insurer, as well as reasonable attorney's fees, if

an insurer fails to make payment under an insurance policy after receiving satisfactory proof of

loss.  La. Rev. Stat. Ann. § 22:658.[18]  Pursuant to § 22:1220, a plaintiff may be awarded penalties

that amount to two times the damage sustained or $5,000, whichever is greater, if an insurer

breaches its duty of good faith and fair dealing.  La. Rev. Stat. Ann. § 22:1220.[19]  Plaintiff's

---

[18] Section 22:658(B)(1), the penalty provision, provides in pertinent part:
> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . , when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . . .

Prior to June 30, 2006, the penalty under this section was a twenty-five percent penalty and it did not provide for attorney's fees. *See* 2006 La. Acts, Act No. 813.  The Court need not determine whether, if a failure to pay invoking §22:658 occurred, the date of the breach was before or after the amendment took place because, even using the higher-percentage penalty of fifty percent, the jurisdictional amount is not met without evidence of the amount of attorney's fees being sought.

[19] Section 22:1220(C), the penalty provision, provides in pertinent part:
> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

Under this section , "a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000." *Mitchell v. Allstate Ins. Co.*, Civil Action Nos. 06-9229, 06-9230, 06-10801, 2007 WL 627678, at *2 (E.D. La. Feb. 26, 2007) (Vance, J.) (*citing Hannover Corp. of Am. v. State Farm Mut. Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995)).

The Court also notes that the Louisiana Supreme Court has held that a plaintiff cannot recover penalties under both §§ 22:658 and 1220. *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000).  Therefore, plaintiff's claims are limited to recovery under the statute that grants the larger award. *See Felham Enters. (Cayman) Ltd. v. Certain Underwriters at Lloyds*, No. Civ.A.02-3588, Civ.A.04-624, 2005 WL 2050284, at *31 (E.D. La. Aug. 2, 2005)

complaint does not contain the amount of damages sustained due to defendant's breach of its

duty of good faith nor the amount of any attorney's fees he may be seeking.  Defendant also does

not provide the Court with any summary judgment-type evidence that would support a finding of

the requisite amount.  *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002) (noting

that the jurisdictional amount must be proved by a defendant using summary judgment-type

evidence).  Because defendant has failed to meet its burden in showing that the amount in

controversy exceeds the jurisdictional amount, the Court does not have subject matter

jurisdiction pursuant to 28 U.S.C. § 1332.


*B.     MMTJA*

    Defendant next argues that the Court has subject matter jurisdiction pursuant to the

MMTJA and its corresponding removal statute 28 U.S.C. § 1441(e).[20]  Section 1441(e)(1)(A)

states that "a defendant in a civil action in a State court may remove the action to the district

court of the United States . . . if . . . the action could have been brought in a United States district

court under section 1369."  28 U.S.C. § 1369(a) gives district courts original jurisdiction over

"any civil action involving minimal diversity between adverse parties that arises from a single

accident, where at least 75 natural persons have died in the accident at a discrete location."[21]

    However, defendant's argument that the civil action falls within the scope of § 1369(a)

because Hurricane Katrina qualifies as an accident is unavailing.  Courts in this district,

_____

(Engelhardt, J.).


    [20] Mem. opp'n at 8-17.

    [21] The MMTJA defines an accident as "a sudden accident, or a natural event culminating in an accident, that
results in death incurred at a discrete location by at least 75 natural persons."  28 U.S.C. § 1369(c)(4).

including this section, "have consistently found that Hurricane Katrina does not constitute an

accident for purposes of § 1369 analysis because the deaths did not occur from a single incident

attributable to the storm or at a discrete location." *Roby v. State Farm Fire & Cas. Co.*, 464 F.

Supp. 2d 572, 576 (E.D. La. 2006) (Hittner, J.); *see Pennison v. State Farm Fire & Cas. Co.*,

Civil Action No. 06-8437, 2006 WL 3904984, at *3 (Africk, J.); *see also, e.g.*, *Fid. Homestead

Ass'n v. Hanover Ins. Co.*, 458 F. Supp. 2d 276, 282 (E.D. La. 2006) (Berrigan, C.J.); *Harrison

v. United Fire Group*, Civil Action No. 06-8977, 2007 WL 1999986, at *1 (E.D. La. July 5,

2007) (Feldman, J.); *Brenckle v. Lovecchio Ins. Agency, Inc.*, Civil Action No. 06-6102, 2007

WL 1655674, at *1 (E.D. La. June 4, 2007) (Engelhardt, J.); *Stevenson v. AAA Auto Club Family

Ins. Co.*, Civil Action No. 06-7191, 2006 WL 3542508, at *2 (E.D. La. Dec. 7, 2006) (Lemmon,

J.); *Berry v. Allstate Ins. Co.*, Civil Action No. 06-4922, 2006 WL 2710588, at *3 (E.D. La. Sept.

19, 2006) (Zainey, J.); *Flint v. La. Farm Bureau Mut. Ins. Co.*, Civil Action No. 06-2546, 2006

WL 2375593, at *3 (E.D. La. Aug. 15, 2006) (Duval, J.).  Considering the Court's prior

holdings, the consensus of its sister courts, as well as the reasons assigned in those orders, the

Court finds that Hurricane Katrina was not an accident for purposes of the MMTJA.  Therefore,

the Court does not have subject matter jurisdiction pursuant to §§ 1369(a) and 1441(e)(1)(A).

    Defendant also argues that the Court has jurisdiction pursuant to § 1441(e)(1)(B)[22]

because it is a party in this district court to an action that is or could have been brought pursuant

---

[22] § 1441(e)(1)(B) provides for removal where
    the defendant is a party to an action which is or could have been brought, in whole
    or in part, under [28 U.S.C. §] 1369 in a United States district court and arises from
    the same accident as the action in State court, even if the action to be removed
    could not have been brought in a district court as an original matter.

to § 1369.²³  Again, because the Court finds that Hurricane Katrina is not an accident for

purposes of § 1369, the actions to which defendant is a party also could not have been brought

pursuant to § 1369 and this action does not arise because of the same accident.  *See, e.g.*, *Wood*

*v. State Farm Fire & Cas. Co.*, Civil Action No. 06-2570, 2006 U.S. Dist. LEXIS 77300, at *6-

13 (E.D. La. Oct. 24, 2006) (Vance, J.) (holding that because the lawsuit did not arise from an

accident, removal pursuant to § 1441(e)(1)(B) was improper).  Accordingly, the Court also does

not have subject matter jurisdiction pursuant to § 1441(e)(1)(B).


C.      *Federal Question Jurisdiction*

        Defendant alleges, in its notice of removal, but not in its opposition to plaintiff's motion

to remand, that even if the Court does not find it has diversity jurisdiction or jurisdiction

pursuant to the MMTJA, a basis for jurisdiction exists pursuant to 28 U.S.C. § 1331.²⁴  United

States District Courts have original subject matter jurisdiction over cases "arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[I]t is well settled that a

cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises

issues of federal law."  *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th

Cir. 1999); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.

---

²³ Mem. opp'n at 14-17.  Defendant lists several Katrina-related matters to which it is a party in this district. *See* mem. opp'n at 15-16 (*citing Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, Civil Action No. 06-593 (Barbier, J.); *Chieh v. Colony Ins. Co.*, Civil Action No. 06-8205 (Barbier, J.); *Kamarudeen v. Colony Ins. Co.*, Civil Action No. 06-8209 (Barbier, J.); *Proctor Point Realty, L.L.C. v. Colony Ins. Co.*, Civil Action No. 06-8923 (Zainey, J.); *Gen. Longshore Workers ILA Local Union No. 3000 v. Colony Ins. Company*, Civil Action No. 07-4107 (McNamara, J.); *Aguilar v. Alea London Ltd.*, Civil Action No. 07-4852 (Duval, J.); *Abadie v. Aegis Sec. Ins. Co.*, Civil Action No. 07-5112 (Duval, J.); *Abram v. AAA Ins.*, Civil Action No. 07-5205 (Duval, J.)).  *Chieh*, *Proctor Point*, and *General Longshore* are all lawsuits involving damages due to wind and/or rain.  *Aguilar*, *Abadie*, and *Abram* are lawsuits involving, *inter alia*, levee breaches.  *Tradewinds* is a breach of contract case for failure to pay remediation costs pursuant to an insurance contract.

²⁴ Notice of removal at 6-9.

2d 318, 327 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  The Court finds no federal law claims plead in plaintiff's petition.

Although plaintiff does not assert any federal claims, defendant argues that plaintiff is seeking damages pursuant to his commercial property insurance policy for losses that should be covered under a flood insurance policy and that the policy's other-insurance clause will require the Court to interpret the amount of coverage under a SFIP.[25]   However, "[t]he fact that a federal defense may be raised to the plaintiff's action-even if both sides concede that the only real question at issue is created by a federal defense-will not suffice to create federal question jurisdiction."  *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989).

Defendant further asserts that because plaintiff's complaint alleges claims that require the construction of a federal statute and because "plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law," the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the framework established by the United States Supreme Court in *Grable*. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).  This framework "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law."  545 U.S. at 312, 125 S. Ct. at 2367, 162 L. Ed. 2d at 263. However, the *Grable* framework is a "special and small category," *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 1246, 126 S. Ct. 2121, 2136, 165 L. Ed. 2d 131, 149

---

[25] *Id.*

(2006); it did not overturn the rule that jurisdiction exists only when "a state-law claim

necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal

forum may entertain without disturbing any congressionally approved balance of federal and

state judicial responsibilities." *Grable*, 545 U.S. at 314, 125 S. Ct. at 2368, 162 L. Ed. 2d at 265;

*Seruntine v. State Farm Fire & Cas. Co.*, 444 F. Supp. 2d 698, 702-03 (E.D. La. 2006) (Vance,

J.).

This Court, in agreement with similar cases in this district, does not find that a substantial

question of federal law is raised by any SFIP coverage determination that may have to be made

in order to resolve the case; rather, any federal implications are peripheral. *See, e.g.*, *Seruntine*,

444 F. Supp. 2d at 702 ("[T]he possibility of [an SFIP] interpretation does not make the terms of

the SFIP an 'essential element' of plaintiffs' claim."); *Sanchez v. State Farm Ins. Co.*, Civil

Action No. 06-8483, 2007 WL 609539, at *3 (E.D. La. Feb. 22, 2007) (Vance, J.)

("Interpretation of a contract under state law will often involve events, parties, and issues that are

otherwise the subject of federal regulation. A mere tangential relationship to a federal policy

cannot be sufficient to bring these claims into federal court."); *Andry v. Audubon Ins. Co.*, Civil

Action No. 06-3187, 2006 WL 3904998, at *10 (E.D. La. Dec. 27, 2006) (Engelhardt, J.).

Therefore, because plaintiff's petition does not plead a federal question and because plaintiff's

claims do not implicate substantial questions of federal law, the Court does not have jurisdiction

pursuant to 28 U.S.C. § 1331.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[26] is **GRANTED**

---

[26] R. Doc. No. 5.

and this action is **REMANDED** to the Civil District Court for the Parish of Orleans pursuant to

28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

   **IT IS FURTHER ORDERED** that defendant's request to certify the remand order for

interlocutory appeal or, alternatively, to stay the effect of this remand order is **DENIED**.[27]

   **IT IS FURTHER ORDERED** that plaintiff's motion for attorney's fees and costs is

**DENIED**.[28]

   New Orleans, Louisiana, January  14th , 2008.

                **LANCE M. AFRICK**
            **UNITED STATES DISTRICT JUDGE**

---

[27] Defendant requests that in the event the Court determines it does not have subject matter jurisdiction, it certify this order for appeal pursuant to 29 U.S.C. § 1292(b) or, alternatively, stay the effect of the remand until defendant has an opportunity to consider and pursue appellate review. Mem. opp'n at 17-18. However, 28 U.S.C. § 1447(d) states that remand orders are "not reviewable on appeal or otherwise." "Further, the United States Supreme Court has "relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'" *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2153, 165 L. Ed. 2d 92, 102-03 (2006) (*quoting Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S. Ct. 584, 593, 46 L. Ed. 2d 542, 554 (1976)). "The bar of § 1447(d) applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions . . . ." *Id.* at 2153, 165 L. Ed. 2d at 103.

[28] Section 1447(c) authorizes, in an order remanding a case, the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001). Should the court "find that it was improper for the defendant to remove the case," the determination of whether to order costs and attorney's fees "is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." 28 U.S.C. § 1447(c) cmt. (1988 Revision).